**AYUB et al. v. SALOMAN. (No. 572–4034.)**

(Commission of Appeals of Texas, Section A. Nov. 19, 1924.)

1. **Intoxicating liquors** ⊜⇒327(3)—Sale of stock of corporation engaged in liquor business not sale of liquor.

Sale of shares of stock of corporation owning liquor and engaged in liquor business in Mexico, where incorporated, is not a sale of liquor, relative to validity of buyer's notes given in part payment.

2. **Intoxicating liquors** ⊜⇒327(3) — Sale of shares of stock of foreign liquor company not against public policy.

Sale in Texas of shares of stock of a corporation of Mexico, there engaged in liquor business, legitimate under its laws, contravenes no public policy.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by R. Saloman against Miguel Ayub and others. Judgment for plaintiff was reformed by the Court of Civil Appeals (252 S. W. 291), and both parties brought error.

Reversed, and judgment of district court affirmed.

Zach Lamar Cobb, of Los Angeles, Cal., for plaintiff.

F. G. Morris, of El Paso, for defendants.

BISHOP, J. Miguel Ayub, Ben Revilla, and Manuel I. Lopez, hereinafter called defendants, for and in consideration of shares of stock in the Latin-American Club, a corporation organized under the laws of Mexico, domiciled and doing business in the city of Juarez, state of Chihuahua, republic of Mexico, made and executed their promissory note to E. Azar in the principal sum of $4,000, of date February 3, 1922, bearing interest at 8 per cent. per annum from date, and payable in installments of $500 each; the first installment due March 3, 1922, and one on the 3d day of each month thereafter until said note should be fully paid. On April 27, 1922, after two installments had matured and been paid, leaving a balance of $3,000, E. Azar, being indebted to R. Saloman in the sum of $1,600, transferred and indorsed said note to said Saloman in consideration of the settlement of said indebtedness and the execution by said Saloman of his note payable to the order of Azar in the sum of $1,300. Thereafter payments on the $1,300 note were made by Saloman to the amount of $250. The Latin-American Club was engaged in the business of conducting a restaurant and serving and selling intoxicating liquors to its customers, maintaining a bar for the sale of such liquors.

Saloman filed suit against defendants and recovered judgment in the district court of El Paso county for the balance due on said $4,000 note; same being for said sum of $3,000, with 8 per cent. interest from the date of said note, with foreclosure of an attachment lien.

On appeal, the Court of Civil Appeals reformed the judgment of the trial court, and granted Saloman judgment for $1,850, with interest and attorney's fees, together with foreclosure of said attachment lien, holding that, as it appeared that the Latin-American Club was a corporation engaged in the sale of intoxicating liquors in Juarez, Mex., and whose assets in part consisted of a stock of such liquors, the owner of stock in said corporation was the equitable owner of intoxicating liquors, and the sale of such corporate stock was in contemplation of law the sale of intoxicating liquors, and an interest in such liquor business, and that, as the note sued on was executed in consideration of the sale of such capital stock, its execution was in a transaction which contravenes our public policy, though the sale of intoxicating liquors was not prohibited by the laws of Mexico, where the business was being conducted. The court held that, as between the

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(266 S.W.)

parties to the transaction, the courts would deny recovery on the note, but that Saloman was a purchaser of the note sued on for value, without notice of defect therein, to the extent of the indebtedness to him by Azar of $1,600 and the $250 paid by him on his $1,300 note, but that, as to the balance of said $1,300 note, he was not a holder in due course, for the reason that said last-named note was not a negotiable instrument. 252 S. W. 291.

Applications for writ of error by both Saloman and defendants were granted, and the case was submitted and considered in connection with the case of Automobile Mortgage Co. v. Miguel Ayub et al. (Tex. Com. App.) 266 S. W. 134, in which the validity of notes similar to the one here sued on is involved.

[1, 2] We have concluded that a sale of shares of capital stock in the Latin-American Club was not in any sense a sale of intoxicating liquors; that such transaction does not contravene public policy, and that a note given in consideration of such sale is valid and binding. Our views on this question are fully presented in the opinion of Judge German in Automobile Mortgage Co. v. Miguel Ayub et al., supra, and authorities there cited.

Having concluded that the note sued on was valid and binding, as between the original parties thereto, it becomes immaterial whether Saloman was a holder in due course. We therefore recommend that the judgment of the Court of Civil Appeals reforming the judgment of the district court be reversed, and the judgment of the district court affirmed.

CURETON, C. J., The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.